[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 28, 2006
THOMAS K. KAHN
CLERK

No. 05-12208
Non-Argument Calendar

_____

D. C. Docket No. 04-00551-CR-T-27-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ANTONIO ZAMBRANO BERRIO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 28, 2006)**

Before TJOFLAT, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Jose Antonio Zambrano Berrio appeals his 135-month sentence for his drug

convictions. On appeal, Berrio challenges (1) the district court's denial of a mitigating-role reduction, and (2) the reasonableness of his sentence. Finding no reversible error, we AFFIRM.

## I. BACKGROUND

A federal grand jury indicted Berrio for conspiracy to possess with the intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 1903(a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B)(ii) (Count 1); and possession with the intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 1903(a) and (g), and 21 U.S.C. § 960(b)(1)(B)(ii) (Count 2). The indictment alleged a total of 1,450 kilograms of cocaine.

According to the record, Berrio was on a "go-fast" boat intercepted by United States Coast Guard officers. During a pursuit from the officers, the crew jettisoned fifty-eight bales from the boat, which were later determined to contain 1,450 kilograms of cocaine. Berrio pled guilty to both counts of the indictment.

The probation officer set Berrio's base offense level at 38 pursuant to U.S.S.G. § 2D1.1(c)(1) (2005). Berrio received a net three-level reduction for

2

acceptance of responsibility under § 3E1.1, resulting in a total offense level of 35. Berrio was assessed no criminal history points, making his criminal history category I. His Sentencing Guidelines range was 168 to 210 months of imprisonment.

At sentencing, Berrio raised two arguments that are relevant on appeal. First, Berrio argued that if he received a sentence equivalent to that of the average participant in the offense, he in effect would receive an enhanced sentence. Berrio stated that there was no evidence in this case that would justify an enhanced sentence and, instead, contended that he was entitled to a mitigating-role reduction because he was merely a mule in the operation. Berrio explained that the district court should consider the larger drug conspiracy, not just the individuals on the "go-fast" boat, because those individuals, like Berrio, were not essential to the overall conspiracy and were easily replaceable.

The district court overruled this objection. It found that Berrio was "simply a crew member" and was only held accountable for the quantity of cocaine aboard the "go-fast" boat and should only be compared to those with whom he participated. The district court found that, except for the captain, Berrio had the same role and responsibilities as the other crew members, and that he had not been shown to be less culpable. Therefore, the district court determined that Berrio had

not established his entitlement to a role adjustment.

Second, he argued that the district court should apply the factors in 18 U.S.C. § 3553(a) rather than a strict application of the Guidelines. Berrio stressed that the district court should consider his personal characteristics and family situation in imposing a sentence. The government responded that, while United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), requires the district court to continue to consult the Guidelines, the district court had the discretion to depart from the advisory Guidelines range within the statutory minimum and maximum. The district court acknowledged that, in light of Booker, it would consider the advisory Guidelines range as well as the factors in § 3553(a) in imposing a sentence.

Agreeing that Berrio was eligible for a safety-valve adjustment, the district court lowered Berrio's total offense level to 33 and his Sentencing Guidelines range to 135 to 168 months' imprisonment. Noting the advisory nature of the Sentencing Guidelines and the considerations in 18 U.S.C. § 3553(a), the district court stated that "this is a serious case as are all drug distribution cases. And in order to reflect the seriousness of the offense and to promote respect for the laws of this country and provide appropriate punishment, substantial sentences of imprisonment are appropriate." R3 at 32. The court then sentenced Berrio to 135

4

months of imprisonment for Counts 1 and 2, and three years of supervised release for each count, to run concurrently.

On appeal, Berrio argues that (1) the district court erred in refusing to provide a mitigating-role reduction and that (2) his sentence was unreasonable in light of the factors in 18 U.S.C. § 3553(a). We address these arguments in turn.

## II. DISCUSSION

A. Mitigating-Role Reduction

We use pre-Booker standards to review Sentencing Guidelines calculations. United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005) (reviewing a pre-Booker sentence). Even though the Guidelines are advisory after Booker, the district court must continue to consider them when sentencing and must correctly calculate the sentence under the Guidelines. Id. at 1178-79. A sentencing court's determination of a defendant's role in the offense is a finding of fact that we review for clear error. United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). "The proponent of the downward adjustment . . . always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." Id. at 939.

The Sentencing Guidelines permit a court to decrease a defendant's offense

5

level by four levels if it finds that the defendant was a "minimal participant" or two levels if it finds that the defendant was a "minor participant" in the criminal activity. U.S.S.G. § 3B1.2 (2005). A minimal participant is one who is "plainly among the least culpable of those involved in the conduct of a group." Id. § 3B1.2 cmt. n.4. A minor participant is one "who is less culpable than most other participants, but whose role could not be described as minimal." Id. § 3B1.2 cmt. n.5.

The adjustment applies if the defendant "play[ed] a part in committing the offense that makes him substantially less culpable than the average participant." Id. § 3B1.2 cmt. n.3(A). The determination of whether to apply a role reduction is a fact-based inquiry, and a sentencing court, "in weighing the totality of the circumstances, is not required to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted." Id. § 3B1.2 cmt. n.3(C).

In determining whether a mitigating role adjustment is warranted, a district court "should be informed by two principles discerned from the Guidelines." De Varon, 175 F.3d at 940. In the first step of the De Varon analysis, the court should evaluate the defendant's role in the relevant conduct for which he has been held accountable at sentencing. In looking at relevant conduct, "the district court must assess whether the defendant is a minor or minimal participant in relation to the

6

relevant conduct attributed to the defendant in calculating [his] base offense level."

Id. at 941. "Only if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable –not a minor role in any larger criminal conspiracy –should the district court grant a downward adjustment for minor role in the offense." Id. at 944. Although a defendant's status as a drug courier alone does not establish whether or not he is a minor participant, "when a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." Id. at 942-43. Furthermore, in the drug courier context, "the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct" and, in some cases, could be dispositive. Id. at 943.

In the second step of the De Varon analysis, the district court should evaluate a defendant's role "as compared to that of other participants in [his] relevant conduct." Id. at 940. In so doing, a district court may consider only those participants who are identifiable by the evidence and who were involved in the relevant conduct for which the defendant was convicted. Id. at 944. "The fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of [his] role in the offense, since it is

7

possible that none are minor or minimal participants." Id. "[T]he district court must determine that the defendant was less culpable than most other participants in [his] relevant conduct." Id. (emphasis in original); see also U.S.S.G. § 3B1.2 cmt. n.3(A) ("This section provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant.").

Here, the district court did not clearly err in refusing to grant Berrio a mitigating-role reduction. Under the first step of the De Varon analysis, the district court properly measured Berrio's role against the relevant conduct attributed to him. Berrio's relevant conduct was possessing with intent to distribute 1,450 kilograms of cocaine. Such a large amount of drugs is enough reason by itself to preclude him from receiving a mitigating role adjustment. See De Varon, 175 F.3d at 943. Additionally, he did not establish that he was a minor participant with respect to that relevant conduct that was attributed to him, and he cannot point to any larger criminal conspiracy beyond the facts presented in this case. It was legitimate for the court to conclude that Berrio, as a crewman on the "go-fast" boat that was transporting the drugs, played an essential role in the conduct for which he has been held accountable. See id. at 942-43.

The second step of De Varon analysis further precludes a mitigating role

adjustment.  To the extent that Berrio argues that his role should be compared to others in a larger conspiracy, his argument is meritless because other unnamed conspirators were not discernible from the evidence, and they are not part of the relevant conduct for which Berrio was convicted.  See id. at 940, 944. With respect to the other named participants in the relevant conduct, they were all part of the same conspiracy and were all held accountable for the same amount of drugs. There is nothing in the facts to indicate that he was substantially less culpable than most of his fellow crewmen, who, with the exception of the captain, shared similar roles and responsibilities.  Therefore, the district court did not clearly err by denying Berrio a mitigating-role reduction.

B.  Reasonableness of Sentence

Berrio next argues that his sentence was unreasonable in light of the factors in 18 U.S.C. § 3553(a).  He contends that the district court failed to consider the § 3553(a) factors or other factors that would have reduced his sentence, such as his familial and financial background.

Berrio contends that 28 U.S.C. § 1291 provides us with jurisdiction to review his sentence because it vests appellate courts with jurisdiction to review "all" final decisions of the district courts.  He asserts that § 3742 does not alter or

limit our jurisdiction under § 1291. Berrio argues that <u>Booker</u> provided for a reasonableness review of all sentences, whether within or outside of the Guidelines range. Therefore, Berrio claims that a sentence that is greater than necessary to fulfill the purposes of sentencing is contrary to law and reviewable under § 3742(a)(1) as a sentence "imposed in violation of law."

The government responds that we lack jurisdiction to decide the reasonableness of Berrio's sentence. It argues that the factors found in 18 U.S.C. § 3742(a) provide the only means for appellate review of a sentence. According to the government, when a sentence falls within the advisory Guidelines range, a defendant's claim of unreasonableness does not meet the "imposed in violation of the law" standard of § 3742(a)(1).

We review subject matter jurisdiction <u>de novo</u>. <u>United States v. Winingear</u>, 422 F.3d 1241, 1245 (11th Cir. 2005) (per curiam). Pursuant to 18 U.S.C. § 3742(a), a defendant may appeal his sentence if that sentence:

> (1) was imposed in violation of law;
> (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
> (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
> (4) was imposed for an offense for which there is no sentencing

guideline and is plainly unreasonable.

See also Booker, 543 U.S. at ___,  125 S. Ct. at 764-68 (2005) (excising the standards of review in 18 U.S.C. § 3742(e) and holding that a review for reasonableness could be inferred from pre-2003 text preceding the revisions of  the PROTECT Act Pub. L. No. 108-21, 117 Stat. 670).  We have held that "a post-Booker appeal based on the 'unreasonableness' of a sentence, whether within or outside the advisory guidelines range, is an appeal asserting that the sentence was imposed in violation of law pursuant to § 3742(a)(1)."  United States v. Martinez, __ F.3d __, 2006 WL 39541, at *3 (11th Cir. Jan. 9, 2006) (per curiam).

Sentences imposed under the advisory Sentencing Guidelines are reviewed for "unreasonableness."  Booker, 543 U.S. at ___, 125 S. Ct. at 765, 767. Following Booker, we have stated that the district court must first correctly calculate the defendant's Guidelines range, then, using the 18 U.S.C. § 3553(a) sentencing factors, the court "may impose a more severe or more lenient sentence as long as it is reasonable."  Crawford, 407 F.3d at 1179.  The § 3553(a) factors include the available sentences, the applicable Guidelines range and policy statements, the nature and circumstances of the offense, and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, (2) afford adequate deterrence to

11

criminal conduct, (3) protect the public from further crimes of the defendant, and (4) provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a); Winingear, 422 F.3d at 1246. However, "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

"Review for reasonableness is deferential." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." Id. A sentence within the advisory Guidelines range is not per se reasonable, though it is expected to be reasonable. Id. ("[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one."). We have held that a district court's statement that it had considered the § 3553(a) factors alone is sufficient in post-Booker sentences to indicate that it considered the factors, and we concluded that the defendant's sentence was reasonable because the district court accurately calculated the Guidelines range and the defendant's sentence at the low end of the range reflected the court's consideration of his evidence in mitigation. See Scott, 426 F.3d at 1330.

12

Because we have rejected a jurisdictional argument similar to the one the government advances and held that we have jurisdiction under § 3742(a)(1) to review a sentence within the advisory Guidelines range for reasonableness, we reject the government's jurisdictional argument in this case. See Martinez, __ F.3d __, 2006 WL 39541, at *3. Upon review of the sentence, we note that the district court considered the § 3553(a) factors and accurately calculated the Guidelines range. Moreover, the district court explicitly mentioned its consideration of the § 3553(a) factors and the seriousness of Berrio's crime when it determined that the facts warranted a substantial sentence. Additionally, Berrio's sentence was at the low end of the Guidelines range, a range that takes into account his offense conduct, his personal characteristics and history, just punishment, and adequate deterrence. Thus, we conclude that Berrio's sentence was reasonable.

## III. CONCLUSION

Berrio appeals his 135-month sentence for his drug convictions. We conclude (1) that the district court's denial of a mitigating-role reduction was not reversible error and (2) that the sentence was reasonable. **AFFIRMED.**